UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NELSON JIMINEZ OCAMPO,

*Plaintiff,*

v.

KHALID ISLAM and FARHANA BEGUM,

*Defendants*.

---

Case No. 24-CV-7563 (KMK)

ORDER & OPINION

Appearances:

Tara A. Tully, Esq.
Tully Law Office, P.C.
Yorktown Heights, NY
*Counsel for Plaintiff*

Michael E. Stern, Esq.
Joanna Grillo, Esq.
Gallo Vitucci Klar LLP
Hackensack, NJ
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

Nelson Jiminez Ocampo ("Plaintiff") brings this Action against Khalid Islam ("Islam") and Farhana Begum ("Begum") (collectively, "Defendants"), seeking monetary damages as recompense for Defendants' alleged negligence and asserted violations of New York State Labor Law §§ 200, 240(1), and 241(6). (Compl. ¶¶ 35, 45, 56, 81, 88, 92 (Dkt. No. 2).) Before the Court is Defendants' Motion to Dismiss for lack of venue. (*See* Motion to Dismiss ("Mot. to Dismiss" or the "Motion") (Dkt. No. 16).) For the reasons explained herein, Defendants' Motion is denied. However, the Court concludes that, in the interest of justice, the case should be transferred to the District of New Jersey.

I. Background

A. Factual Background

The following facts, drawn from Plaintiff's Complaint, are construed in the light most favorable to Plaintiff. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007); *New Moon Shipping Co. v. MAN B & W Diesel AG,* 121 F.3d 24, 29 (2d Cir. 1997).

Defendants own a single-family residence located at 362 West Grand Avenue in Montvale, New Jersey. (Compl. ¶¶ 6–7.) In late summer 2021, Islam hired non-party Rodrigo Construction, Inc. ("Rodrigo Construction"), a New York corporation, to paint the interior of Defendants' residence. (*Id*. ¶ 9.) Rodrigo Construction's owner then hired Plaintiff to work on the interior painting project at Defendants' residence. (*Id*. ¶ 10.) Plaintiff alleges that Defendants knew or should have known that Rodrigo Construction and its owner were not sufficiently trained to safely perform the requested painting project. (*Id*. ¶ 11.) On October 5, 2021, while working on a mobile scaffold provided by Defendants, Plaintiff fell eighteen feet after the scaffold became unsteady and tipped. (*Id*. ¶¶ 16, 29.)

Plaintiff alleges that Defendants did not provide safety training for the proper use of the scaffold, and that Defendant Islam controlled the means and manner of all work on site, including the interior painting. (*Id*. ¶¶ 18, 25.) Further, Plaintiff alleges that his fall was a direct result of the scaffold not having been properly constructed or secured. (*Id*. ¶ 30.) Plaintiff sustained significant and permanent personal injuries from his fall. (*Id*. ¶ 33.) Plaintiff alleges that Defendants negligently provided inadequate and defective equipment, failed to provide safety devices or training, and failed to ensure proper protection for Plaintiff, all of which directly contributed to Plaintiff's injuries. (*Id*.)

B.  Procedural Background

Plaintiff filed his Complaint on October 9, 2024.  (*See* Compl.)  Defendants filed an Answer on January 29, 2025, in which they asserted the defense of improper venue.  (*See* Answer 7 (Dkt. No. 8).)  On May 28, 2025, Defendants filed the instant Motion to Dismiss, as well as a memorandum of law supporting the Motion.  (*See* Mot. to Dismiss; Memorandum of Law in Support ("Defs.' Mem.") (Dkt. No. 18).)  The Defendants did **_not_** seek permission to file this Motion pursuant to the Court's Individual Rules; they did not request a conference, and the Court did not order a briefing schedule.  (*See generally* Dkt.)  Nevertheless, Plaintiff filed a Memorandum in Opposition on June 13, 2025, asserting that the Motion was untimely pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)").  (*See* Memorandum of Law in Opposition ("Pl.'s Opp'n") (Dkt. No. 22).)  On June 17, 2025, Defendants filed their Reply.  (*See* Reply Memorandum of Law in Support ("Defs.' Reply" or "Reply") (Dkt. No. 26).)

## II.  Discussion

A.  Standard of Review

"On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, 'the plaintiff bears the burden of establishing that venue is proper.'"  *Ne. Landscape & Masonry Assocs., Inc. v. State of Conn. Dep't of Labor*, No. 14-CV-9104, 2015 WL 8492755, at *2 (S.D.N.Y. Dec. 10, 2015) (quoting *Fedele v. Harris*, 18 F. Supp. 3d 309, 316 (E.D.N.Y. 2014)). In analyzing a claim of improper venue, a court must view all facts in the light most favorable to the plaintiff.  *See Phillips*, 494 F.3d at 384.  Thus, a "[c]ourt must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor." *Ne. Landscape*, 2015 WL 8492755, at *2 (alteration in original) (citation and quotation marks omitted).

3

The appropriate venue for this Action is determined by the general venue statute that governs "all civil actions brought in [the] district courts of the United States." 28 U.S.C. § 1391(a); *see also* 28 U.S.C. § 1391(b). Under that statute, venue may lie "in either (1) the district of the defendant's residence; (2) the district where a substantial part of the events giving rise to the claim occurred; or (3) if neither of those can be applied, any district where a defendant is subject to personal jurisdiction." *Ne. Landscape*, 2015 WL 8492755, at *2 (citation and quotation marks omitted); *see also* 28 U.S.C. § 1391(b) (substantively same).[1] Importantly, the Second Circuit has said that courts "are required to construe the venue statute strictly." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (citing *Olberding v. Illinois Cent. R.R.*, 346 U.S. 338, 340 (1953)). In other words, for "venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.* at 357 (emphases in original).

"When considering a motion to dismiss for improper venue under Rule 12(b)(3), 'the plaintiff need only make a prima facie showing of venue.'" *Dash v. Bank of Am. Corp.*, No. 18-CV-4807, 2019 WL 1780140, at *4 (S.D.N.Y. Apr. 23, 2019) (italics omitted) (quoting *Gulf Ins. Co.*, 417 F.3d at 355). "When venue is improper, [a] [c]ourt 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

---

[1] 28 U.S.C. § 1391(b) provides in its entirety:
(b) Venue in general.--A civil action may be brought in--
    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

brought.'" *Fedele*, 18 F. Supp. 3d at 319 (quoting 28 U.S.C. § 1406(a)); *see also Daniel v. Am. Bd. of Emergency Med.,* 428 F.3d 408, 435 (2d Cir. 2005) (noting that a court must decide whether to "simply affirm dismissal on these [improper venue] grounds or, in the interest of justice, order transfer of the action to another district where jurisdiction and venue properly obtain").

Even where venue is proper, a court may, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In determining whether to transfer, courts should determine "whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Solar v. Annetts*, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010) (quotation marks and citation omitted). In making this determination, courts weigh the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quotation marks and citation omitted).

B. Analysis

As described above, Defendants failed to comply with the Court's Individual Rules. These rules require that, "[f]or motions other than discovery motions, a pre-motion conference with the Court is required for making any motion," with certain exceptions not applicable here. *See* Individual Rules of Practice of the Honorable Kenneth M. Karas, II.A. "Failure to comply with the Court's Individual Rules would, on its own, support the denial of [Defendants'] Motion"

and indeed, be an adequate basis to deny the Motion.  *Innovative Sports Mgmt., Inc. v. Quezada*, No. 25-CV-4710, 2025 WL 3706644, at *3 (S.D.N.Y. Dec. 22, 2025); *see also Xiao Dong Fu v. Red Rose Nail Salon Inc.*, No. 15-CV-7465, 2017 WL 985893, at *8 (S.D.N.Y. Mar. 13, 2017) ("[T]he Court's Individual Rules[] . . . require[] a pre-motion letter prior to moving to dismiss a complaint, and [the d]efendants filed no such letter here. Accordingly, their motion is denied for failure to comply with the Court's Individual Rules.").

Nevertheless, the Court also has identified substantive questions raised by Defendants' Motion that merit further discussion.

### 1. Timeliness

Plaintiff challenges the timeliness of Defendants' Motion, arguing that a party must file a motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure prior to any responsive pleading.  (*See* Pl.'s Opp'n 3.)

Defendants do not indicate the rule pursuant to which they purport to move to dismiss this action for lack of venue.  (*See generally* Mot. to Dismiss; Defs.' Mem.)  A litigant seeking to have an action dismissed based on improper venue has three procedural routes by which to press that argument: first, a timely motion to dismiss pursuant to Rule 12(b); second, a challenge raised in a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56; and third, through an adjudication of disputed jurisdictional facts at a pre-trial hearing pursuant to Federal Rule of Civil Procedure 12(i) or during a trial on the merits.  *Knowles-Carter v. Feyonce, Inc.*, No. 16-CV-2532, 2017 WL 11567528, at *8 (S.D.N.Y. Sept. 23, 2017).

Defendants have not moved for summary judgment, nor have they sought an adjudication of disputed jurisdictional facts (in fact, no such disputed facts appear to exist at this juncture). (*See generally* Defs.' Mem.)  Accordingly, the Court construes the Motion as one filed pursuant

to Rule 12(b)(3).  On the same understanding (that Defendants' Motion is likely one made pursuant to Rule 12(b)(3)), Plaintiff argues that it was untimely filed under Rule 12(b).  (Pl.'s Opp'n 3.)  As described, Defendants filed an Answer in this case on January 29, 2025.  (*See* Answer.)  They then filed the instant Motion to Dismiss on May 28, 2025, four months after interposing their Answer.  (*See* Mot. to Dismiss.)  Plaintiff argues that the language of Rule 12(b) means that this defense had to be raised before Defendants filed their Answer. The Court agrees: given that Defendants have asked the Court to dismiss the complaint based on improper venue pursuant to Rule 12(b)(3), that argument needed to be made *prior* to Defendants interposing their Answer.

The Court reaches this conclusion based on the plain language of Rule 12(b) of the Federal Rules of Civil Procedure.  That Rule reads as follows: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. . . .  A motion asserting any of these defenses *must be made before pleading* if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b) (emphasis added).  The statute deploys "unambiguous, mandatory language." *Moore v. Shahine*, No. 18-CV-463, 2019 WL 948349, at *2 (S.D.N.Y. Feb. 27, 2019).  For this reason, courts have repeatedly found Rule 12(b) motions to dismiss filed after responsive pleadings—specifically, answers—to be "untimely." *Id.* at *2; *see also Tyco Int'l Ltd. v. Walsh*, No. 02-CV-4633, 2003 WL 553580, at *2 (S.D.N.Y. Feb. 27, 2003) ("A motion based on . . . Rule 12(b)(3) is [ ] untimely when it is served after the answer."); *Lencco Racing Co. v. Arctco, Inc.*, 953 F. Supp. 69, 70 n.1 (W.D.N.Y. 1997) ("A 12 (b)(3) motion to dismiss for improper venue . . . must be filed before the answer . . . .").  So, too, have courts determined that motions to dismiss under *other* provisions of Rule 12(b) were untimely when they had been filed after a defendant's answer.  *See Beacon Enters., Inc. v. Menzies*, 715 F.2d

757, 768 (2d Cir. 1983) (noting that a motion to dismiss under 12(b)(2) was untimely when it was served after the defendant's answer); *Sarikaputar v. Veratip Corp.*, No. 19-CV-11168, 2021 WL 3914064, at *2 (S.D.N.Y. Aug. 31, 2021) ("[T]his motion is untimely given that [the defendant], along with two other defendants, filed an answer . . . months before filing the instant motion to dismiss.").

Defendants submit that, because they raised venue as an affirmative defense in their Answer, their Motion to Dismiss is not untimely. (*See* Reply 5–6; Answer 7.) But, as described above, this is not the case: even where Defendants seek to raise improper venue as a defense, a motion to dismiss under *Rule 12(b)(3)* (as opposed to a subsequent argument that dismissal is appropriate at summary judgment, for instance), must be raised prior to the answer being interposed. *See Knowles-Carter*, 2017 WL 11567528, at *11 (finding Rule 12(b)(3) motion untimely despite assertion of improper venue defense in answer). As such, the time to file a Rule 12(b)(3) motion has passed. *Id.* at *11.

Ordinarily, the "proper vehicle" for filing what is essentially a post-answer motion to dismiss "is [R]ule 12(c), which would permit [D]efendants, in theory, to file a motion for judgment on the pleadings." *In re Livent Sec. Litig.*, 193 F. Supp. 2d 750, 753 (S.D.N.Y. 2002). But "[u]ntimely Rule 12(b) motions may *only* be converted to Rule 12(c) motions if they assert non-waivable defenses," *Tyco Int'l*, 2003 WL 553580, at *2 (emphasis added) (citing *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001)), and it is long-settled that venue is "a waivable defense, lost by failure to interpose timely and sufficient objection," *United States ex rel. Bryant Elec. Co. v. Aetna Cas. & Sur. Co.*, 297 F.2d 665, 669 (2d Cir. 1962) (quotation marks and citation omitted). Thus, Defendants' Motion may not be converted to a Rule 12(c) motion, and the Court cannot consider it a motion made pursuant to that Rule.

2. Venue and Transfer

While Defendants have waived their ability to seek dismissal under Rule 12(b)(3), whether Defendants' waiver also encompasses their ability to move for dismissal or transfer under 28 U.S.C. 1406(a) is at best "unclear." *Johnson v. United Airlines, Inc.*, No. 12-CV-5842, 2013 WL 323404, at *8 (N.D. Ill. Jan. 25, 2013) (holding that it is "unclear whether [the defendant's] waiver of its ability to seek dismissal under Rule 12(b)(3) extends to its request for a transfer under § 1406(a), given that such a transfer is premised on venue being improper in this [d]istrict" and collecting cases from different jurisdictions that adopt different holdings as to whether waiver of venue under Rule 12(b)(3) forecloses permissive transfer under § 1406).

Transfer—not dismissal—may nonetheless be appropriate under § 1406(a)'s sister statute, 28 U.S.C. § 1404(a). This provision permits the transfer of a civil action to any other district where the case might have been brought, as long as such a transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a). Because § 1404(a) is "based on considerations of convenience," it is not considered to be "waivable". *Forsher v. J.M. Smucker Co.*, No. 15-CV-7180, 2019 WL 235639, at *1 (E.D.N.Y. Jan. 16, 2019) (wholly quoting *Agric. Ins. Co. v. Ace Hardware Corp.*, No. 98-CV-8708, 2000 WL 1568313, at *2 (S.D.N.Y. Oct. 20, 2000)); *see also Benjamin v. Carusona*, No. 09-CV-9722, 2010 WL 4448213, at *8 (S.D.N.Y. Nov. 5, 2010) ("Unlike a motion under Rule 12(b)(3), which is based on a forum's impropriety, a motion under § 1404(a) turns on considerations of convenience. Waiver of objection to improper venue *does not preclude transfer pursuant to § 1404(a).*" (emphasis added)); *Linde Boc Process Plants LLC v. Boldt Co.*, No. 05-CV-191, 2005 WL 8175946, at *2 (N.D. Okla. July 22, 2005) (collecting cases to show that "[n]umerous district courts have held or remarked that a [c]ourt may transfer venue under § 1404(a) even if

9

[the] defendants waive their right to challenge the propriety of venue in the plaintiff's chosen forum"). Defendants moved only to dismiss and not to transfer the case—indeed, they argue that the case should not be transferred to the District of New Jersey. (*See* Defs.' Mem. 5.) However, as explained, the Court is not at liberty to dismiss given the untimely Rule 12(b)(3) Motion. But, "[a] transfer may be made under 28 U.S.C. § 1404(a) . . . by the court sua sponte." *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 736 (S.D.N.Y. 1996) (italics omitted); *see also Lead Indus. Ass'n, Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer [s]ua sponte."); *Tillman v. Vargas*, No. 21-CV-7029, 2021 WL 4777974, at *1 (S.D.N.Y. Sept. 10, 2021) ("[C]ourts may transfer cases on their own initiative."); *Bank of Am., N.A. v. Wilmington Tr. FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under [§] 1404(a) sua sponte therefore is well established." (italics and citation omitted)). The Court therefore inquires as to whether such transfer is appropriate in the circumstances presented here.[2]

> ### a. Venue

"[W]hether venue is improper in this district is undoubtedly relevant to the Court's analysis of whether transfer is warranted in light of 'notions of convenience and fairness.'"

---

[2] While the Parties did not brief transfer under 28 U.S.C. § 1404(a), they did fully brief whether venue in this District was appropriate. Thus, the Court concludes that there has been sufficient input from the Parties on the § 1404(a) factors. (*See* Defs.' Mem. 3–4; Pl.'s Opp'n 6–9.)

*Forsher*, 2019 WL 235639, at *1 (quoting *Agric. Ins. Co.*, 2000 WL 1568313, at *2). Thus, the

Court begins its transfer analysis with a determination of the propriety of venue in this action.

> Again, venue is appropriate in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiff alleges that both Defendants are residents of New Jersey. (*See*

Compl. ¶¶ 2–3.) Therefore, venue is not proper under subsection 1391(b)(1), because the

defendants are not "residents of the State in which the district is located," New York. *See Lehrer*

*v. J&M Monitoring, Inc.*, No. 20-CV-6956, 2022 WL 2392441, at *6 (S.D.N.Y. July 1, 2022)

("[B]oth [of the d]efendants are located in Kentucky. Therefore, the first option by which [the

p]laintiff could establish proper venue is unviable." (citation omitted)); *Grasso v. Bakko*, 570 F.

Supp. 2d 392, 397 (N.D.N.Y. 2008) ("Venue is improper under [sub]section (1) because [the]

defendant does not reside in New York."); *Saferstein*, 927 F. Supp. at 735 ("In the instant action,

subsection 1 is not available to assert venue in the Southern District of New York because none

of the defendants resides in New York." (analyzing pre-amendment version of the statute that

required "all defendants reside in the same State")). Further, "[s]ubsection 3 is not available" as

a route "to assert venue because there is at least one other district—the District of New Jersey—

in which the [A]ction can be brought (pursuant to subsection 1)" on the basis that "all

[D]efendants reside there." *Saferstein*, 927 F. Supp. at 735; *see also Lehrer*, 2022 WL 2392441,

at *6 (same). All that remains is subsection 2, which requires that "a substantial part of the

11

events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated" within the District.  *See* 28 U.S.C. § 1391(b)(2).

"[W]hen a plaintiff relies on [§] 1391(b)(2) to defeat a venue challenge," a district court must engage in a two-step inquiry: first, the court must "identify the nature of the claims and the alleged acts or omissions giving rise to the claims"; and second, the court must "determine whether a substantial part of the acts or omissions occurred in the district where the suit was filed."  *Fedele*, 18 F. Supp. 3d at 316 (citing *Daniel*, 428 F.3d at 432); *accord Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (asking (1) "What acts or omissions by [the defendant] gave rise to [the plaintiff's] claim?" and (2) "Of those acts, did a 'substantial part' of them take place in [the chosen venue]?"); *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294–95 (3d Cir. 1994) (undertaking an analogous two-step inquiry by identifying alleged acts or omissions and then asking whether they are substantial).  Notwithstanding this inquiry, and despite the Court's duty to interpret the statute "strictly," *Gulf Ins. Co.*, 417 F.3d at 357, "[§] 1391(b)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred," *Daniel*, 428 F.3d at 432; rather, this provision "'contemplates venue can be appropriate in more than one district' and 'permits venue in multiple judicial districts as long as a "substantial part" of the underlying events took place in those districts,' " *id.* (quoting *Gulf Ins. Co.*, 417 F.3d at 356); *see also Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992) ("[A]dmonition against recognizing multiple venues has been disapproved.").

Finally, "[i]n the case of multiple claims, proper venue must be established with respect to each cause of action asserted."  *Saferstein*, 927 F. Supp. at 736.  Thus, the Court must review the basis for venue vis-à-vis each individual claim.  Finding that Plaintiff has not met his burden

12

to establish a basis for venue with respect to any claim, and in recognition that "the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial," *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) (emphasis in original), the Court concludes that it is in the interest of justice to transfer this Action to the District of New Jersey.

### i. New York Labor Law Claims

Plaintiff first alleges Defendants failed to furnish, construct, and place scaffolding as to give proper protection to those employed in connection with the painting project at Defendants' residence. *See* N.Y. Lab. Law § 240(1). (*See also* Compl. ¶ 35.) Here, Defendants furnished and placed said scaffolding at their residence in New Jersey. (*See* Compl. ¶ 16.) Accordingly, the act or omission which gives rise to Plaintiff's claim indisputably occurred in New Jersey. *See Prospect Cap. Corp. v. Bender*, No. 09-CV-826, 2009 WL 4907121, at *3 (S.D.N.Y. Dec. 21, 2009) ("[T]he Second Circuit recently has made clear that when a court examines the question of whether venue in a forum is proper, it must focus on where the *defendant's* acts or omissions occurred." (citing *Daniel,* 428 F.3d at 432)). The Complaint references New York only as to Plaintiff's residence and non-party Rodrigo Construction's place of business. These references bear no relation to acts or omissions which give rise to Plaintiff's claims, rather, "it appears that Plaintiff's sole basis for filing suit in New York is his residency, which is not enough to support venue here." *Blauschild v. Tudor*, 31 F. Supp. 3d 527, 533 (E.D.N.Y. 2014). Therefore, the Court cannot find that venue is proper in the Southern District of New York for Plaintiff's first cause of action.

In the second cause of action, Plaintiff asserts that Defendants failed to ensure that the construction area at their residence would provide reasonable and adequate protection to persons

13

employed therein. *See* N.Y. Lab. Law § 241(6). (*See also* Compl. ¶ 45). The construction area in which Plaintiff was injured was in Montvale, New Jersey. (*See* Compl. ¶¶ 8, 29.) Therefore, the act giving rise to Plaintiff's second cause of action makes venue appropriate in the District of New Jersey. Similarly, Defendants alleged failure to protect the health and safety of employees occurred in New Jersey, thereby making venue improper in the Southern District of New York for Plaintiff's third cause of action. *See* N.Y. Lab. Law § 200. (*See also* Compl. ¶ 56.)

### ii. Remaining Claims

As to the remaining claims, Plaintiff has again failed to meet his burden of establishing that venue is proper in the Southern District of New York. As laid out above, Plaintiff's claims for failure to provide a safe place to work and failure to keep the premises in reasonably safe condition both arise out of Defendant's actions occurring in New Jersey. Indeed, the Complaint contains only one allegation of an action that occurred in New York: the transacting of business with Plaintiff's employer. (*See* Compl. ¶ 9.) While this transaction may on its face give rise to Plaintiff's claim for negligent hiring of an incompetent contractor, Plaintiff makes no allegations that Defendants travelled to New York to hire Rodrigo Construction. (*Id*.) Courts consistently hold that "[t]he decision to hire and retain an employee or contractor is made where the decision-maker is located at the time the decision is made." *P.C. v. Driscoll*, No. 24-CV-2496, 2025 WL 104522, at *9 (S.D.N.Y. Jan. 15, 2025). Plaintiff does not allege where Defendants made the decisions to hire and retain Rodrigo Construction. He merely alleges that Defendants "transacted business in New York State, engaging the services of [a] New York resident, . . . and those of his company," (*see* Compl. ¶ 9), and he does not allege that Defendants made hiring decisions or provided supervision for the project in Montvale, New Jersey from anywhere in New York, let alone from within this District. *See Driscoll*, 2025 WL 104522, at *9 (dismissing claims against

certain defendants where the plaintiff alleged "no facts about where the hiring decision" and supervisory conduct at issue occurred).  Therefore, it cannot be said that venue is proper in New York in regard to Plaintiff's claim to negligent hiring.

Plaintiff's final cause of action is negligent training and supervision on behalf of Defendants.  (*See* Compl. ¶ 88.)  The Complaint specifically alleges that Defendant Islam supervised the interior painting work and failed to train Rodrigo Construction employees in the safe use of scaffolding, both at Defendants' residence.  (*See id.* ¶¶ 18, 27.)  Accordingly, the events giving rise to Plaintiff's final cause of action occurred in New Jersey, and venue is improper in the Southern District of New York.

### b. Transfer

As mentioned earlier, § 1404(a) permits the transfer of a civil action to any other district where the case might have been brought, as long as such a transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a).  Whether transfer is appropriate under § 1404(a) demands a two-step inquiry: "first, 'whether the action could have been brought in the proposed transferee forum'; and second, 'whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice.'" *Solar*, 707 F. Supp. 2d at 442 (quoting *Blum v. Salomon*, No. 06-CV-3149, 2006 WL 3851157, at *3 (S.D.N.Y. Dec. 28, 2006)); *see also Baez v. Malin*, No. 18-CV-2850, 2020 WL 1445704, at *11, 13–16 (S.D.N.Y. Mar. 25, 2020) (adopting and applying *Solar*'s two-step inquiry under § 1404).  The case could have been brought in the District of New Jersey, the district in which Defendants reside.  (*See* Compl. ¶¶ 2–3.)  Accordingly, transfer meets this initial threshold inquiry.

In determining whether the Court should transfer the action, as described above, the Second Circuit instructs district courts to weigh seven factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine*, 599 F.3d at 112 (citation and quotation marks omitted).

The Second Circuit has made clear that a plaintiff's choice of forum is "presumptively entitled to substantial deference." *Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004) (describing inquiry involving same factors under doctrine of *forum non conveniens*). However, a "plaintiff's selection is entitled to less deference" where "the case lacks material or significant contacts with the forum state." *Kwik Goal, Ltd. v. Youth Sports Publ'g Inc.*, No. 06-CV-395, 2006 WL 1489199, at *2 (S.D.N.Y. May 3, 2006). This factor weighs in favor of Plaintiff, but only slightly.

The third factor, the locus of operative facts, favors transfer. "The locus of operative facts is a primary factor in determining whether to transfer venue." *Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942, 2015 WL 3767445, at *6 (S.D.N.Y. June 17, 2015) (citation and quotation marks omitted). "In determining the locus of operative facts, courts look to the site of the events from which the claim arises." *Mastr Asset Backed Sec. Tr. 2007-WMC1 ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg. LLC*, 880 F. Supp. 2d 418, 423 (S.D.N.Y. 2012) (citation and quotation marks omitted). As covered in great detail above, the locus of facts is in the District of New Jersey.

The remaining factors are neutral on the question of transfer.  First, although Plaintiff alleges many witnesses reside in New York, there is nothing to suggest that they "would 'not voluntarily testify' in the . . . District [of New Jersey] or that litigating it [there] would be 'financially burdensome'" for Defendants, meaning these two factors are neutral.  *Miller v. Annucci*, No. 17-CV-4698, 2019 WL 4688539, at *10 (S.D.N.Y. Sept. 26, 2019) (quoting *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 332 (S.D.N.Y. 2016)).  (*See* Pl.'s Opp'n 9.)  As well, "[d]ue to the convenience of electronic production, '[t]he location of relevant documents and the ease of access to sources of proof is mostly a neutral factor.'"  *Miller*, 2019 WL 4688539, at *10 (alteration in original) (quoting *Tlapanco*, 207 F. Supp. 3d at 330–31); *see also U.S. Commodity Futures Trading Comm'n v. Wilson*, 27 F. Supp. 3d 517, 540 (S.D.N.Y. 2014) ("Courts in this district recognize that [t]he location of documents[ ] is neutral in today's era of photocopying, fax machines[,] and Federal Express." (first alteration in original) (quotation marks omitted)).  Finally, "[s]ince this action is at its earliest stages, it would not be inefficient to transfer the case."  *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 621 (S.D.N.Y. 2016); *see also Frame v. Whole Foods Mkt., Inc.*, No. 06-CV-7058, 2007 WL 2815613, at *7 (S.D.N.Y. Sept. 24, 2007) ("Since the case is at its earliest stages, there would be little loss in judicial economy by transferring the case.").  Indeed, there is nothing to prevent Defendants from filing a Motion in New Jersey arguing that the case is time barred there, and the Court cannot conclude that the filing of such a Motion would impose any significant burden on Defendants.

At bottom, the Court's finding that venue is improper in this District, "in combination with considerations of convenience, justice, and common sense, counsel in favor of transferring this Action to the . . . District of [New Jersey] pursuant to § 1404(a)."  *Lehrer*, 2022 WL 2392441, at *11 (alterations adopted) (citing *Forsher*, 2019 WL 235639, at *1).

17

### III.  Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss for Improper Venue is denied.  However, the Court concludes that the case should be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 16, and to transfer the case to the District of New Jersey.

SO ORDERED.

Dated:    March 30, 2026
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

18